1  KYLE ANTHONY PEREZ, ESTATE
   Office of the General Executor
2  General Delivery
3  P.O. Box 9653
   Canoga Park, California [91304-9998]
4  KylePerezEstate@gmail.com
5  No Number

6  Plaintiff in Propria Persona

7

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11  Kyle, on Behalf of Himself,        SACV 16-00639-JVS (KESx)

12                      Plaintiff,

13        vs.                          **VERIFIED COMPLAINT FOR
                                       PERMANENT INJUNCTION,
14  CMRE FINANCIAL SERVICES,           CIVIL PENALTIES,
                                       RESTITUTION AND OTHER
15  Transunion          Defendants.    EQUITABLE RELIEF**

16

17

18

19

20

21

22

23

24

25

26

27

28

PAID

APR - 6 2016

Clerk, US District Court
COURT 4612

1    COMES NOW, Kyle, Plaintiff, a man over the age of majority, in His right

2    mind, without waiving any rights or remedies at law or in equity, and without waiving

3    and defects or deficiencies, and here and after referred to as "Plaintiff," and for His

4    Verified Complaint against the Defendants, CMRE FINANCIAL SERVICES, et al.,

5    ("CMRE "), and TransUnion ("TransUnion"), declares as follows:

## I. PRELIMINARY STATEMENT

7    1.    This is an action for negligence, defamation, and violations of the Fair

8    Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out of CMRE's false

9    reporting to TransUnion of an alleged delinquent debt of the Plaintiff, and

10   TransUnion's failure to correct CMRE's false reporting on Plaintiff's TransUnion

11   credit report.

## II. PARTIES

13   2.    Plaintiff is currently and was at all relevant times domiciled in the

14   County of Los Angeles, California.

15   3.    Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C.

16   §1681a(c).

17   4.    Defendant, CMRE, is a corporation doing business in the state of

18   California with its principal place of business at: 3075 E Imperial HWY Suite 200.

19   Brea, California 92821.

20   5.    CMRE is a "furnisher of information" as that term is defined by the

21   FCRA, 15 U.S.C. §1681s-2(b).

22   6.    Defendant, TransUnion, is a corporation organized under the laws of the

23   United States of America and is headquartered in Chicago, Illinois.

24   7.    TransUnion is a "consumer reporting agency that compiles and maintains

25   files on consumers on a nationwide basis" as that term is defined by the FCRA, 15

26   U.S.C. §1681a(o).

27

28

8.      TransUnion is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

9.      This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Los Angeles County, California as a result of the Defendants doing business in California.

### IV. FACTUAL BACKGROUND

10.     On or around January 2014, Plaintiff became aware that Defendants were reporting negative/derogatory remarks on Plaintiff's personal credit.

11.     On or around January 9, 2014, Plaintiff demanded debt validation/verification from Defendants.

12.     Over the course of several months, Defendants were never able to validate the alleged debt against Plaintiff.

13.     Plaintiff requested Defendants to remove the negative/derogatory remark on His personal credit after a debt validation could not be verified.

14.     On or around February 14, 2014, Defendant's agent, "J. Jones (2922)" was sent a letter of validation and opportunity to cure, which was never responded to.

15.     At some point thereafter, the derogatory remark was removed from all three major credit-reporting agencies.

16.     On or around November 21, 2015, over a year later, Plaintiff discovered that Defendants were still reporting negative and derogatory remarks to the credit-reporting agency Transunion arriving from the original alleged debt in 2014 that was never validated.

17.     On or around March 22, 2016, Plaintiff telephoned Defendants and spoke with "Jess Mercado" and eventually "Patty Einto" (Patty), the supervisor for CMRE.

18.     Patty, the supervisor for CMRE, admitted to Plaintiff in a recorded telephone call that the last letter Defendants had sent was dated January 20th, 2014 and that the alleged debt in question was indeed never validated.

19.     Patty then agreed to send a letter of deletion that very same day on March 22, 2016 and advised Plaintiff that she was drafting the letter of deletion as they spoke, but as of the date of this verified complaint, has not been received.

20.     Defendants never validated any debt against Plaintiff, Defendants removed themselves as an interested party by removing the disputed item in 2014, and then years later came back to attempt to collect on the *same* alleged debt which was never validated to begin with.

21.     Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, TransUnion failed to remove the disputed item from Plaintiff's credit report. Upon information and belief, TransUnion did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following TransUnion's receipt of Plaintiff's dispute.

22.     Defendants actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged delinquency on the CMRE account.

## V. CLAIMS

### Negligence – CMRE

23.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24.     CMRE 's false reporting to TransUnion regarding the alleged delinquent debt was negligent under applicable law. In falsely reporting the alleged debt as

- 3 -

1  delinquent, CMRE breached its duty to Plaintiff to report accurate information
2  regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's
3  rights.

4     25.   CMRE 's false reporting to TransUnion regarding the alleged delinquent
5  debt of the Plaintiff has caused damage to Plaintiff, including, but not limited to,
6  humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and
7  other compensatory and consequential damages. CMRE's false reporting to
8  TransUnion regarding the alleged delinquent debt of the Plaintiff was willful and
9  wanton, entitling Plaintiff to punitive damages therefor.

10
11              **Negligence – TransUnion**

12     26.   Plaintiff hereby adopts and incorporates the allegations contained in
13  paragraphs 1 through 25 as if fully set forth herein.

14     27.   TransUnion's failure to remove CMRE's false report of Plaintiff's
15  alleged delinquency from Plaintiff's TransUnion credit report, despite Plaintiff's
16  lawful notices to TransUnion of the falsity of the report, was negligent.  In failing to
17  remove CMRE's false reports of Plaintiff's alleged delinquency, TransUnion breached
18  its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and
19  to maintain accurate credit histories for the Plaintiff, and acted with conscious
20  disregard for Plaintiff's rights.

21     28.   TransUnion's negligent failure to remove CMRE's false reports of
22  Plaintiff's alleged debt from Plaintiff's TransUnion credit report has caused damages
23  to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial
24  decline in Plaintiff's credit rating, and other compensatory and consequential
25  damages.

26     29.   TransUnion's failure to remove CMRE's false report of Plaintiff's
27  alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to
28

- 4 -

1  TransUnion of the falsity of the reports, was willful and wanton, entitling Plaintiff to
2  punitive damages therefor.

3
4                          **Defamation – CMRE**

5          30.    Plaintiff hereby adopts and incorporates the allegations contained in
6  paragraphs 1 through 29 as if fully set forth herein.

7          31.    CMRE, with knowledge of the falsity of its statements, has published and
8  continues to publish statements to others, including, but not limited to, TransUnion,
9  that Plaintiff was past due on the alleged CMRE account and that the CMRE account
10 was in collection status. CMRE 's statements were made with conscious disregard for
11 the rights of the Plaintiff.

12         32.    CMRE's publication of false statements regarding Plaintiff's
13 creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and
14 defamation per se of the Plaintiff, entitling Plaintiff to compensatory, special,
15 consequential and punitive damages therefor.

16
17                        **Defamation – TransUnion**

18         33.    Plaintiff hereby adopts and incorporates the allegations contained in
19 Paragraphs 1 through 32 as if fully set forth herein.

20         34.    TransUnion, with knowledge of the falsity of its statements, has
21 published and continues to publish statements to others, including, but not limited to,
22 CMRE and other currently unknown entities and/or individuals who have accessed
23 Plaintiff's TransUnion credit report, that Plaintiff was past due on the alleged CMRE
24 account and that CMRE was in collection status.  In publishing such statements,
25 TransUnion acted with conscious disregard for the rights of the Plaintiff.

26         35.    TransUnion's publication of false statements regarding Plaintiff's
27 creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and

28

1  defamation per se of the Plaintiff, entitling Plaintiff to compensatory, special,
2  consequential and punitive damages therefor.

3

4  **Negligent Violation of the Fair Credit Reporting Act – CMRE**

5      36.   Plaintiff hereby adopts and incorporates the allegations contained in
6  Paragraphs 1 through 35 as if fully set forth herein.

7      37.   CMRE's false reporting to TransUnion of Plaintiff's alleged delinquency
8  is a violation of CMRE's duties as a furnisher of credit information pursuant to the
9  FCRA, 15 U.S.C. §1681s-2(a) and (b).

10     38.   CMRE's violations of the FCRA amount to negligent non-compliance
11 with the FCRA as stated in 15 U.S.C. §1681o for which CMRE is liable to Plaintiff
12 for Plaintiff's actual damages, for statutory damages, and for Plaintiff's reasonable
13 fees associated with filing suit.

14

15  **Negligent Violation of the Fair Credit Reporting Act – TransUnion**

16     39.   Plaintiff hereby adopts and incorporates the allegations contained in
17 Paragraphs 1 through 38 as if fully set forth herein.

18     40.   TransUnion's repeated failure to remove the disputed item from
19 Plaintiff's credit report despite knowledge of the falsity of the disputed item is a
20 violation of TransUnion's duty to ensure maximum possible accuracy of consumer
21 reports under 15 U.S.C. §1681e(b) and TransUnion's duties regarding investigation of
22 disputed items under 15 U.S.C. §1681i.

23     41.   TransUnion's failure to evaluate or consider any of Plaintiff's
24 information, claims or evidence, and its failure to make any and/or sufficient attempts
25 to remove the disputed item from Plaintiff's credit report within a reasonable time
26 following TransUnion's receipt of Plaintiff's dispute is a violation of TransUnion's
27 duties regarding investigation of disputed items under 15 U.S.C. §1681i.
28 TransUnion's violations of the FCRA amount to negligent non-compliance with the

1  FCRA as stated in 15 U.S.C. §1681o, for which TransUnion is liable to Plaintiff for

2  Plaintiff's actual damages, for statutory damages, and for Plaintiff's reasonable fees

3  associated with filing suit.

4

5  **Willful Violation of the Fair Credit Reporting Act – CMRE**

6      42.    Plaintiff hereby adopts and incorporates the allegations contained in

7  Paragraphs 1 through 41 as if fully set forth herein.

8      43.    CMRE 's false reporting to TransUnion of Plaintiff's alleged

9  delinquency, despite CMRE 's knowledge of the falsity of its reporting, is a willful

10  violation of CMRE 's duties as a furnisher of credit information pursuant to the

11  FCRA, as stated in 15 U.S.C. §1681s-2(a) and (b).

12      44.    Given CMRE 's knowledge of the falsity of its reporting, CMRE 's

13  violations of the FCRA amount to willful non-compliance with the FCRA as stated in

14  15 U.S.C. §1681n for which CMRE  is liable to Plaintiff for Plaintiff's actual

15  damages, for statutory damages, for punitive damages, and for Plaintiff's reasonable

16  fees associated with filing suit.

17

18  **Willful Violation of the Fair Credit Reporting Act – TransUnion**

19      45.    Plaintiff hereby adopts and incorporates the allegations contained in

20  Paragraphs 1 through 44 as if fully set forth herein.

21      46.    TransUnion's failure to remove the disputed item from Plaintiff's credit

22  report despite knowledge of the falsity of the disputed item is a willful violation of

23  TransUnion's duty to ensure maximum possible accuracy of consumer reports as

24  stated in 15 U.S.C. §1681e(b) and TransUnion's duties regarding investigation of

25  disputed items under 15 U.S.C. §1681i.

26      47.    TransUnion's failure to evaluate or consider any of Plaintiff's

27  information, claims or evidence, and its failure to make any and/or sufficient attempts

28  to remove the disputed item within a reasonable time following TransUnion's receipt

1  of Plaintiff's dispute is a willful violation of TransUnion's duties regarding

2  investigation of disputed items as stated in 15 U.S.C. §1681i.

3      48.    TransUnion's violations of the FCRA amount to willful non-compliance

4  with the FCRA as stated in 15 U.S.C. §1681n for which TransUnion is liable to

5  Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages

6  and for Plaintiff's reasonable fees associated with filing suit.

7      WHEREFORE, Plaintiff, Kyle, respectfully demands the following:

8      1.    Trial by jury on all issues so triable;

9      2.    Judgment against the Defendants for statutory, compensatory,

10  consequential and punitive damages;

11     3.    For Plaintiff's fees and costs; and,

12     4.    Any and all other relief to which Plaintiff may appear to be entitled.

13

14

15  DATED:  3/25/2016                    by: */s/ Kyle*
                                        Plaintiff In Pro Per
16                                      General Delivery
                                        P.O. Box 9653
17                                      Canoga Park, California [91304-9998]

18                                      _____
                                        KYLE ANTHONY PEREZ
19

20

21

22

23

24

25

26

27

28

- 8 -

1

## __VERIFICATION__

2

3      I, Kyle, declare and state as follows:

4      1.      I am the Plaintiff in the above-entitled matter. I have read the foregoing

5  Complaint and know the content thereof, and the same is true of my own knowledge,

6  except as to matters which are stated upon my own information and belief, which I

7  believe to be true.

8      I declare under penalty of perjury that the foregoing is true and correct.

9  Executed on 3/25/2016 at Los Angeles, California.

10

                                    by:  _Kyle_
11
                                         Kyle
                                   All Rights Reserved
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ )

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

**(b)** County of Residence of First Listed Plaintiff __Los Angeles__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant __Orange__
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
KYLE ANTHONY PEREZ, Estate
In Care Of: P.O. Box 9653
Canoga Park, California near [91304-9998]
KylePerezEstate@gmail.com

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

| | |
|---|---|
| ☐ 1. U.S. Government Plaintiff | ☐ 3. Federal Question (U.S. Government Not a Party) |
| ☐ 2. U.S. Government Defendant | ☒ 4. Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1. Original Proceeding | ☐ 2. Removed from State Court | ☐ 3. Remanded from Appellate Court | ☐ 4. Reinstated or Reopened | ☐ 5. Transferred from Another District (Specify) | ☐ 6. Multi-District Litigation |

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §1681 et seq. Permanent injunction, Civil penalties, Restitution and other Equitable relief for violations of the FCRA. and defamation.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☒ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/ Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number: _8CV16-0063_

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

**QUESTION B:** Is the United States, or one of its agencies or employees, a **PLAINTIFF** in this action?
☐ Yes ☒ No

If "no," skip to Question C. If "yes," answer Question B.1, at right.

**B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?
*check one of the boxes to the right* ➡
- ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there.
- ☐ NO. Continue to Question B.2.

**B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)
*check one of the boxes to the right* ➡
- ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there.
- ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there.

**QUESTION C:** Is the United States, or one of its agencies or employees, a **DEFENDANT** in this action?
☐ Yes ☒ No

If "no," skip to Question D. If "yes," answer Question C.1, at right.

**C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?
*check one of the boxes to the right* ➡
- ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there.
- ☐ NO. Continue to Question C.2.

**C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)
*check one of the boxes to the right* ➡
- ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there.
- ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there.

**QUESTION D: Location of plaintiffs and defendants?**

| | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☒ | ☐ | ☐ |

**D.1. Is there at least one answer in Column A?**
☒ Yes ☐ No
If "yes," your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question E, below, and continue from there.
If "no," go to question D2 to the right. ➡

**D.2. Is there at least one answer in Column B?**
☐ Yes ☐ No
If "yes," your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question E, below.
If "no," your case will be assigned to the WESTERN DIVISION.
Enter "Western" in response to Question E, below. ⬇

**QUESTION E: Initial Division?** | **INITIAL DIVISION IN CACD**
Enter the initial division determined by Question A, B, C, or D above: ➡ | SOUTHERN

**QUESTION F: Northern Counties?**
Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? ☐ Yes ☒ No

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**?   ☒ NO   ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?**   ☒ NO   ☐ YES

If yes, list case number(s):

**Civil cases** are related when they (check all that apply):

☒ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**   *by: K* (ALL RIGHTS RESERVED)    DATE:  3/25/2016

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)). |